■ In the Matter of SARAH C.B., Appellant. LIVINGSTON COUNTY ATTORNEY, Respondent. [938 NYS2d 688]—

Memorandum: Respondent appeals from an amended order adjudicating her to be a person in need of supervision (PINS) and directing her to abide by certain conditions, including an order of protection. We note at the outset that respondent's contentions regarding those conditions have been rendered moot inasmuch as that part of the amended order has expired by its own terms (*see generally Matter of Demitrus B.*, 89 AD3d 1421 [2011]; *Matter of Donna Marie M. v Timothy A.M.*, 30 AD3d 1012 [2006]). We therefore dismiss the appeal from that part of the amended order.

Contrary to respondent's contention, Family Court "may, with the consent of petitioner, substitute a petition alleging that respondent is a person in need of supervision for a petition alleging that . . . she is a juvenile delinquent" (*Matter of Felix G.*, 56 AD3d 1285 [2008]; *see* Family Ct Act § 311.4 [1]). Here, respondent not only agreed to such a substitution but she in fact moved to substitute a PINS petition for the juvenile delinquency petition that was filed originally, and we thus conclude that she waived her current contentions concerning that substitution. Furthermore, by consenting to the amendment of the juvenile delinquency petition, respondent also waived her contentions regarding that amendment.

Finally, we reject respondent's contention that the original juvenile delinquency petition was defective. Contrary to respondent's contention, the "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]). Specifically, the petition sufficiently alleged that the victim suffered an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]; *see generally People v Chiddick*, 8 NY3d 445, 447 [2007]). Present—Scudder, P.J., Smith, Centra, Lindley and Gorski, JJ.